PER CURIAM
*452 Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Ronald B. Manning, an attorney licensed to practice law in Louisiana and Texas, based upon discipline imposed by the State of Texas.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In 2004, respondent was charged by indictment with felony theft in the matter of The State of Texas v. Ronald Manning , No. 994363 on the docket of the 339th District Court of Harris County, Texas. On September 16, 2005, respondent was found guilty of theft over $200,000, a first degree felony. He was sentenced to 28 years in the custody of the Institutional Division of the Texas Department of Criminal Justice and fined $10,000. He was also ordered to pay court costs and $1,236,823.95 in restitution.
On June 9, 2006, the Board of Disciplinary Appeals of the Supreme Court of Texas issued an Interlocutory Order of Suspension which provided that respondent would be disbarred in the event his conviction was affirmed and became final. On September 8, 2006, the Fourteenth Court of Appeals for the State of Texas issued a mandate finalizing the conviction. On October 18, 2006, the State Bar of Texas filed a Motion for Entry of Judgment of Disbarment. On November 2, 2006, the Board of Disciplinary Appeals issued the Judgment of Disbarment.
Thereafter, respondent failed to notify the ODC of his disbarment in Texas, as required by Supreme Court Rule XIX, § 21(A).[1] The ODC did not learn of the Texas disciplinary proceedings until April 2018.
After receiving notice of the Texas order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A copy of the Judgment of Disbarment was attached to the motion. On May 2, 2018, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Both respondent and the ODC filed responses to our order. In his response, respondent argues that his criminal conviction in Texas was lacking in due process and fundamental fairness. He makes no arguments concerning the Texas disciplinary proceeding.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
*453 (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Texas disciplinary proceeding, nor do we discern any from our review of the record.[2] Furthermore, we find there is no reason to deviate from the sanction imposed in Texas as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, it is appropriate to defer to the Texas judgment imposing discipline upon respondent. Accordingly, we will impose reciprocal discipline in the form of disbarment.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Ronald B. Manning, Louisiana Bar Roll number 9102, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.

Rule XIX, § 21(A) requires a lawyer who is admitted to practice in Louisiana to "promptly notify" the ODC upon being disciplined by another state disciplinary authority.

The underlying criminal conviction is final, and we will not revisit the conviction in this proceeding.